## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **ALAMADIYAF AL-MASIYYAH FOR TOURISM CO.,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.: 1:25-cv-00292** |
| **v.** | ) ) | |
| **TIMBER CREEK REINSURANCE, INC.,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## COMPLAINT

Plaintiff Alamadiyaf Al-Masiyyah for Tourism Co. files this Complaint against Timber Creek Reinsurance, Inc. and states as follows:

## PARTIES

1.     Alamadiyaf Al-Masiyyah for Tourism Co. ("AAMT") is a private limited company incorporated under the laws of England and Wales with a principal place of business in Saudi Arabia.

2.     Timber Creek Reinsurance Co. is an Alabama corporation with its principal place of business in Mobile, Alabama.

## JURISDICTION

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2).

1

4.    AAMT is a citizen of a foreign state, and Timber Creek is a citizen of Alabama.

5.    The amount in controversy exceeds $75,000.

## FACTS

6.    In 2023, AAMT was in the process of obtaining financing for the construction of a hospital in Cairo, Egypt.

7.    AAMT's lender was Daixia Bank.

8.    Daixia Bank required AAMT to obtain a credit default insurance policy that would insure against a default by AAMT.

9.    AAMT was connected to Timber Creek through an intermediary and began negotiating the issuance of the credit default policy.

10.    AAMT insisted that any policy issued by Timber Creek have sufficient reinsurance.

11.    Prior to the issuance of any policy, AAMT made a $1,000,000 payment to Timber Creek.

12.    Timber Creek characterized this $1,000,000 as an "underwriting placement fee" and stated that it would be a credit against the total premium for the policy.

13.    In a September 6, 2023 letter confirming receipt of the payment, Timber Creek affirmed its commitment to provide sufficient reinsurance by saying, "The

Credit Default Policy shall have Reinsurance support from multiple Lloyds Syndicates Reinsurance Companies, holding an A rating as issued by AM Best, an AA- rating as issued by Fitch Ratings, an AA- rating as issued by Kroll Bond Rating Agency, and an A+ rating issued by Standard & Poor's as or July 2023."

14.    On September 28, 2023, Timber Creek purported to issue a policy. The policy stated that it would have "90% Reinsurance through AM Best A-Rated Reinsurers." It also said that McManus and Associates, PC—a law firm out of Georgia—would provide confirmation of the reinsurance carriers.

15.    McManus and Associates sent a letter to AAMT identifying a reinsurance agent and two companies that were engaged to provide reinsurance coverage.

16.    However, neither Timber Creek nor McManus and Associates ever provided actual proof of reinsurance, and Timber Creek later acknowledged that it could not obtain sufficient reinsurance.

17.    As such, the purported policy did not actually issue under the agreed-upon terms. Timber Creek never provided reinsurance as required by the purportedly issued policy.

18.    Because Timber Creek never obtained reinsurance, Daixia Bank refused to close on the loan.

19.    As a result, AAMT requested that Timber Creek cancel the purported policy and refund the $1,000,000.

20.    Timber Creek refused to refund the $1,000,000, but after some negotiations, it offered to use the $1,000,000 as a credit against future insurance policies.

21.    AAMT has insisted on a refund of the $1,000,000 fee, but Timber Creek has consistently refused to refund it.

## COUNT I (BREACH OF CONTRACT)

22.    AAMT incorporates by reference paragraphs 1–21.

23.    AAMT and Timber Creek had a contract under which Timber Creek was obligated to provide an insurance policy with 90% Reinsurance through AM Best A-Rated Reinsurers.

24.    Timber Creek failed to provide this reinsurance and thus breached the contract.

25.    AAMT suffered damages because it paid $1,000,000 yet did not receive an insurance policy with the agreed-upon terms.

26.    Further, Ala. Code § 27-12-17 provides, "No person shall willfully collect any sum as premium or charge for insurance which insurance is not then provided or is not in due course to be provided, subject to acceptance of the risk by the insurer, by an insurance policy issued by an insurer as permitted by this title."

27.     Thus, any provision of the policy or any related document that purports to make the $1,000,000 fee non-refundable is unenforceable as an unfair trade practice.

AAMT therefore requests judgment against Timber Creek for compensatory damages, interest, and costs.

## COUNT II (DECLARATORY JUDGMENT)

28.     AAMT incorporates by reference paragraphs 1–21.

29.     Timber Creek purported to issue an insurance policy to AAMT that required 90% Reinsurance through AM Best A-Rated Reinsurers.

30.     Timber Creek never obtained the required reinsurance.

31.     AAMT paid $1,000,000 as an underwriting placement fee and credit against the policy premium.

32.     Ala. Code § 27-12-17 provides, "No person shall willfully collect any sum as premium or charge for insurance which insurance is not then provided or is not in due course to be provided, subject to acceptance of the risk by the insurer, by an insurance policy issued by an insurer as permitted by this title."

33.     Because Timber Creek did not issue an insurance policy, it is statutorily prohibited from charging a $1,000,000 premium or charge to AAMT.

AAMT therefore requests that the Court issue a declaratory judgment stating:

    a.  That any language in the policy or elsewhere stating that the $1,000,000

        fee is not refundable is unenforceable and

    b.  That the $1,000,000 fee is due to be refunded to AAMT.

Dated: July 21, 2025.

*/s/ Christopher B. Driver*
Christopher B. Driver (ASB-9178-G39B)
cdriver@badhambuck.com
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
Facsimile: (205) 521-0037

**THE DEFENDANT WILL BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

TIMBER CREEK REINSURANCE, INC.
c/o Raymond Bell, Registered Agent
11 North Water St., Ste. 24290
Mobile, AL 36602